**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-2004**

TIGRESS SYDNEY ACUTE MCDANIEL,

Plaintiff - Appellant,

v.

GREEN DOT CORPORATION; GREEN DOT BANK; FINGERHUT; BLUESTEM SALES, INC.; EXPERIAN DATA CORP.; EXPERIAN SERVICES CORP.; TRANSUNION DATA SOLUTIONS LLC; TRANSUNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; DOES,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:23-cv-00021-GCM-DCK)

Submitted:  July 30, 2025                          Decided:  October 7, 2025

Before KING, AGEE, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tigress Sydney Acute McDaniel, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tigress Sydney Acute McDaniel appeals the district court's text orders denying McDaniel's motion to vacate the court's February 27, 2023, order imposing a prefiling review system and her subsequent request for findings of fact and conclusions of law related to the initial text order.  We affirm.

We first conclude that the district court's summary rejection of McDaniel's motion to vacate the prior order imposing a prefiling review system was proper, under the law-of-the-case doctrine, because we affirmed that very order in *McDaniel v. Green Dot Corp.*, Nos. 23-1135/1218, 2023 WL 5625142 (4th Cir. Aug. 31, 2023).  *See Hannah P. v. Haines*, 80 F.4th 236, 246 (4th Cir. 2023) (explaining that, under the law-of-the-case doctrine, "the factual findings and legal conclusions made by an appellate court generally bind all subsequent proceedings in the same case, whether in the trial court or on subsequent appeal").  McDaniel did not file the subject motion to vacate until September 13, 2024— almost a year after this court's mandate issued in McDaniel's earlier appeal.  Further, review of the record confirms that none of the exceptions to this doctrine apply.  *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (discussing three exceptions to the law-of-the-case doctrine).  Accordingly, we discern no error in the district court's summary rejection of McDaniel's motion to vacate a previously affirmed order.

McDaniel next claims that the district court reversibly erred, under Fed. R. Civ. P. 52, in failing to issue findings of fact and conclusions of law related to its denial of the motion to vacate.  But Rule 52 does not require the district court to state its findings of fact and conclusions of law to support a ruling in this procedural context.  To the contrary, Rule

52(a)(3) provides that district courts are "not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, *on any other motion*." (emphasis added). Finally, McDaniel asks that we direct Judge Mullen's recusal in this action—and all actions in which McDaniel is a party—because of his alleged bias against her. Upon review of the record, we discern no basis for such a claim, *see Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"), and thus decline to order Judge Mullen's recusal.

For these reasons, we affirm the appealed-from text orders. *See McDaniel v. Green Dot Corp.*, No. 3:23-cv-00021-GCM-DCK (W.D.N.C. Sep. 16, 2024 & Oct. 7, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*